UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENT V. ANDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2898** |
| **MARLIN GUSMAN, SHERIFF** | **SECTION "N"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Amend (Rec. Doc. No. 21)** filed by the Plaintiff Kent Anders in response to the October 4, 2006 order of Magistrate Judge Alma Chasez.[1] This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I. Factual Summary**

    **A. The Complaint**

The plaintiff, Kent V. Anders ("Anders") was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint. Anders

---

[1] This matter was transferred to this section of the court on October 11, 2006. Rec. Doc. No. 20.

filed this complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Special Investigation Department and unknown tier deputies seeking damages as a result of the conditions of his confinement in the House of Detention, within the Orleans Parish Prison system, at the time Hurricane Katrina struck the New Orleans area on August 29, 2005.

Anders alleges, after the hurricane, he was forced to go without food and clean water for four days because no one came to assist him and the other inmates. He complains that he and other inmates were abandoned and forced to live in an unsanitary, messy environment that was hazardous to his health.

Anders further alleges that, at one point, he feared for his life when a deputy told him that he would "kill my black ass, if I didn't get moving." The deputy allegedly made this statement when he complained that his legal papers were in the water and he was forced to leave them behind to evacuate the prison. He claims, therefore, that he reluctantly did as he was told.

Anders also complains that he was required to sit for several hours on the Broad Street overpass in the excruciating heat with no food, water or medical attention. He complains that the delay of emergency help is evidence of intentional denial of his rights. After boarding a bus, he was finally given one cup of water and a sandwich. He claims that he requested more but was denied.

He further alleges that these conditions violated the Eighth Amendment and he should be allowed to recover for the emotional and psychological aspect of his experience and awarded damages that are appropriate under the circumstances. Anders has not alleged any physical injury as a result of this experience.

**B.     Motion to Amend**

Further, in compliance with Magistrate Judge Chasez's instruction, Anders filed a Motion to Amend the complaint to name the tier deputies who allegedly violated his Eighth Amendment rights. He seeks to name Assistant Warden Bonita Pittman, Sgt. Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, Deputy T.J. Johnson and any other personnel on duty from August 29, 2006 to September 1, 2006 at H.O.D. Building.[2] Anders also adds the claims that Sheriff Gusman is liable because his staff was unfit, negligently trained and unsupervised.

**II.    Standards of Review**

**A.     Review of the Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

---

[2]The plaintiff has apparently used the incorrect year as Hurricane Katrina made landfall on August 29, 2005.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

### B.     Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    The Proposed Amendment**

In compliance with an earlier order of the court, Anders filed a motion seeking to amend to name the tier deputies who were on duty when Hurricane Katrina struck the City of New Orleans. He further seeks to allege that the Sheriff failed to properly train the deputies and that as a result he should be entitled to damages pursuant to § 1983.

        **1.    Claims Against Sheriff Gusman**

A warden or other supervising officer not personally involved in the acts that deprived the plaintiff of his constitutional rights may be liable under § 1983 if: (1) the warden or supervising officer failed to train or to supervise the subordinate officers involved; (2) there is a causal connection between the alleged failure to supervise or to train and the alleged violation of the plaintiff's constitutional rights; and (3) the failure to train or to supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991) (citations omitted).

Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a plaintiff's claim that a lack of training or supervision caused a violation of his constitutional rights. *Id.* (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998) and *Thompkins v. Belt*, 828 F.2d 298, 304-05 (5th Cir. 1987)). Finally, the inadequacy of the training "must be so obvious and likely to result in the violation of constitutional rights that the [defendant] can be said to have

been deliberately indifferent." *Trepagnier*, 142 F.3d at 799 (citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)).

In the proposed amendment, Anders has alleged that Sheriff Gusman failed to properly train and supervise the unfit deputies. The amendment states at least sufficient allegations to warrant further review of this claim under § 1983. The motion to amend should be granted as to the claims against Sheriff Gusman for failure to train and supervise the deputies.

## 2. **Claims Against the Identified Tier Deputies**

Anders also has named, as he was ordered to do, numerous deputies whom he claims were involved in the evacuation process at the House of Detention after Hurricane Katrina. The deputies named are Assistant Warden Bonita Pittman, Sgt. Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, Deputy T.J. Johnson.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. The plaintiff must also establish that the prison official, such as the tier deputies in this case, acted with deliberate indifference to

the inmate's health and safety. A prison official acts with deliberate indifference in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

Decisions in other jurisdictions support a conclusion that the plaintiff has at least stated a claim for relief under § 1983 sufficient to allow this amendment. *See, e.g., Phelps v. Kapnolas,* 308 F.3d 180 (2d Cir.2002) (prisoner stated claim under Eighth Amendment by alleging that he was given nutritionally inadequate food for two weeks); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir.2000) (reversing grant of summary judgment for defendants on plaintiffs' Eighth Amendment claim when there was evidence in record that plaintiffs had been denied "edible" food and "adequate" water for four days); *Simmons v. Cook,* 154 F.3d 805 (8th Cir.1998) (upholding district court's conclusion that denial of four consecutive meals supported Eighth Amendment violation); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078 (5th Cir.1991) (prisoner stated claim under Eighth Amendment by alleging that he was denied food for several days); *Beckford v. Portuondo,* 151 F. Supp.2d 204 (N.D.N.Y.2001) (denying defendants' motion for summary judgment on plaintiff's Eighth Amendment claim that he was denied two out of three meals each day for eight days); *Williams v. Coughlin,* 875 F. Supp. 1004 (W.D.N.Y.1995) (denying defendants' summary judgment motion on claim that defendants violated Eighth Amendment by denying plaintiff food for two days).

For these reasons, the motion to amend to include as defendants Assistant Warden Bonita Pittman, Sgt. Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, Deputy T.J. Johnson should be granted in part. However, the motion should be denied in part to the extent Anders seeks to also name "any other deputy" on duty during Hurricane Katrina on August 29, 2005, to September 1, 2005, for failure to identify a proper party.

### B.     Claims against SID are Frivolous

Anders has named the Special Investigation Department ("SID") within the Orleans Parish Criminal Sheriff's Office as a defendant. In the original complaint, he claimed only that members of this unit took him out of the smelly, hot jail to the roof as part of the rescue operation. He has since named numerous deputies he claims to have taken a role in this evacuation and rescue.

Nevertheless, in accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the SID unit, as a part of the Orleans Parish Criminal Sheriff's Office, can be sued.[3] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the SID unit within the Orleans Parish Criminal Sheriff's Office is not a

---

[3]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* FED. R. CIV. P. 17(b).

juridical person capable of being sued under § 1983.  The claims against this entity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### IV.     Recommendation

It is therefore **RECOMMENDED** that the plaintiff's **Motion to Amend (Rec. Doc. No. 21)** be **GRANTED** in part to as defendants Assistant Warden Bonita Pittman, Sgt.  Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, and Deputy T.J. Johnson and to raise the claim of failure to train and supervise against Sheriff Gusman.  The motion should be **DENIED in part** to the extent Anders seeks to name "any other deputy" on duty from August 29, 2005, to September 1, 2005, for failure to identify a proper party.

It is further **RECOMMENDED** that Clerk of Court be **ORDERED** to file and docket a copy of Rec. Doc. No. 21 as an Amended Complaint, add as defendants Assistant Warden Bonita Pittman, Sgt.  Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, Deputy T.J. Johnson, and **issue summonses** to these newly added defendants as to the Original Complaint and issue summonses to all defendants as to the Amended Complaint.

It is further **RECOMMENDED** that the claims against the Special Investigation Department be **DISMISSED WITH PREJUDICE** as legally frivolous and otherwise for failure to state a claim for which relief could be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___28th___ day of _____February_____, 2007.

                                          **KAREN WELLS ROBY**
                                  **UNITED STATES MAGISTRATE JUDGE**