UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENT V. ANDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2898** |
| **MARLIN GUSMAN, SHERIFF, ET AL** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.   Factual Summary

The Plaintiff, Kent V. Anders ("Anders") was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* Complaint. Anders filed this Complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Special Investigation Department and unknown tier deputies seeking damages as a result of the conditions of his confinement in the House of Detention within the

Orleans Parish Prison System, at the time Hurricane Katrina struck the New Orleans area on August 29, 2005.

Anders alleges, after the hurricane, he was forced to go without food and clean water for four days, because no one came to assist him and the other inmates. He complains that he and other inmates were abandoned and forced to live in an unsanitary, messy environment that was hazardous to his health.

Anders further alleges that, at one point, he feared for his life when a deputy told him that he would "kill my black ass, if I didn't get moving." The deputy allegedly made this statement when Anders complained that his legal papers were in the water, and he was forced to leave the papers behind to evacuate the prison. He claims, therefore, that he reluctantly did as he was told.

Anders also complains that he was required to sit for several hours on the Broad Street overpass in the excruciating heat with no food, water, or medical attention. He complains that the delay of emergency help is evidence of intentional denial of his rights. After boarding a bus, he was finally given one cup of water and a sandwich. Anders claims that he requested more but was denied.

He further alleges that these conditions violated the Eighth Amendment and he should be allowed to recover for the emotional and psychological aspect of his experience and awarded damages that are appropriate under the circumstances. Anders has not alleged any physical injury as a result of this experience.

Anders amended his suit to name Assistant Warden Bonita Pittman, Sgt. Bell, Captain Marshall, Deputy Bergeron, Deputy Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, and Deputy T. J. Johnson. He did not, however, assert additional

2

allegations against these defendants. He did amend his allegations against Sheriff Gusman; namely that his staff was unfit, negligently trained and unsupervised.

**II.     Frivolous Review**

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. The plaintiff must also establish that the prison official, such as the tier deputies in this case, acted with deliberate indifference to the inmate's health and safety. A prison official acts with deliberate indifference in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In this case, Anders does not allege that any of the defendants were personally involved in the unfortunate conditions of his confinement caused by Hurricane Katrina. In fact, the only personal involvement alleged was that Sheriff Gusman failed to train his staff, which caused the delay and difficulty in Anders's evacuation. Further, the delay did not cause physical harm; rather, it caused inconvenience. Otherwise, there is no indication by Anders that any of the officials

4

personally and intentionally denied him access to more comfortable conditions or in any way intentionally violated his constitutional rights.

Furthermore, to the extent Anders claims that Sheriff Gusman or any of the other defendants acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, as discussed above, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk

of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Anders has made no such showing, nor has he asserted such an allegation of intentional indifference by the Defendants.

In addition, Anders also has failed to show that the temporary conditions caused by Hurricane Katrina violated his constitutional rights. To prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633. Anders has not done so.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib*, 138 F.3d at 215. For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).

Anders has not alleged that the Defendants personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina. Anders recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Having failed to make this initial showing, Anders's claims must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

Furthermore, Anders has failed to allege any injury resulting from his experience in the prison or during the evacuation. Under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Court of Appeals for the Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury). In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were therefore insufficient for recovery under § 1997e(e)). *Alexander*, 351 F.3d at 631. Anders alleged that some inmates, not himself, suffered similar symptoms when crowded onto the second floor of the prison. This does not entitle him to relief under § 1983. He only claims damages consisting of emotional distress, which are not compensable under § 1997e(e).

Therefore, Anders's claims are based on emotional not physical damages and must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Kent V. Anders's claims against Sheriff Marlin Gusman**,** Assistant Warden Bonita Pittman, Sgt. Bell, Captain Marshall, Deputy Bergeron, Deputy

Tina Johnson, Deputy Tyra Brooks, Deputy Christina Foster, Deputy Lionel Lipscomb, and Deputy T.J. Johnson be dismissed as failing to state a claim for which relief may be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of April, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**